# EXHIBIT 1

GARY M. RESTAINO
United States Attorney
District of Arizona
JAMES R. KNAPP
Assistant U.S. Attorney
Arizona State Bar No. 021166
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: james.knapp2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Ian Michael Fried,<br><br>Defendant. | Case No. 21-mj-00338-MHB<br><br>**GOVERNMENT'S DETENTION MEMORANDUM** |

The United States submits this memorandum in support of its request that Defendant Ian Michael Fried be detained pending the trial of this matter pursuant to 18 U.S.C. § 3142(f)(1)(A). Fried has been charged via Criminal Complaint issued in the District of Columbia with receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (a)(4)(B). As argued below, Fried is unable to rebut the presumption that he is a flight risk and a danger to the community.

**APPLICABLE LEGAL STANDARD**

Fried is subject to a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(E) that no condition or combination of conditions will reasonably assure his appearance and the safety of the community. The presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in §

3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released"); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Even if a defendant rebuts the presumption that he is a flight risk, however, the danger he poses to the community is a sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987).

In determining whether a defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when a defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead, it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'"); *see also Hir*, 517 F.3d at 1086 ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'").

**I.     The § 3142(g) Factors Weigh in Favor of Pretrial Detention.**

　　　　*A.     Nature and Circumstances of the Charged Offense*

Fried was identified as part of a National Operation conducted by the Department of Homeland Security, Homeland Security Investigations (HSI), and the United States Department of Justice's Child Exploitation and Obscenity Section. As detailed in the Affidavit in support of the Criminal Complaint, HSI Agents were investigating a group of individuals who were using the Internet to meet in chat rooms to discuss the sexual exploitation and abuse of young children and to trade images depicting child sexual abuse. Inside these chat rooms individuals, like Fried, shared computer links to facilitate the distribution of large numbers of image and video files depicting the sexual abuse of children. The investigation revealed that an individual using the display name "Pozor"—subsequently identified as Fried—was frequently joining various chat networks between November 2018 through at least March 2020.

The chats, as detailed in the Affidavit in support of the Criminal Complaint, are incredibly graphic and disturbing. In one conversation, captured in November of 2018, Fried expressed jealousy when another individual detailed his sexual abuse of young girls who he claimed were intoxicated. Instead of expressing disgust, Fried commented that he wished the other predator had taken "pics" because "that's my fav age to jerk to." In other conversations, Fried asked a like-minded offender, "How many times you fuck the 12 yo?" Fried again requested pictures of the victim being sexually assaulted, stating "if you have any pics of her when she was 11 or 12 I would love to jerk to her knowing she was fucking you."

The nature and circumstances of this case therefore weigh heavily in favor of detention. Fried is charged with crimes perpetrated against the most vulnerable members of our society: children. Children depicted in images and videos of sexual abuse are traumatized and victimized in the worst way imaginable at the time the images were created, and they are re-victimized and re-traumatized each and every time an individual,

like Fried, views the images for his own sexual gratification. As one district judge explained, the demand for such material creates an "unending stream of child abuse":

> [W]e have numerous victims in a case like this, not one victim. Every image of a child, every image of a non-adult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. Without a demand for that type of information and that type of viewing from persons like this defendant, we don't know how many child abuse cases we could prevent. And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of people—children who are forced into these roles.
>
> [E]very image has a child who has been exploited and abused, and that is the concern I have. It is the concern that I have when people are engaged in serially doing this, the effect it has on children throughout the world and the effect it has on their future lives.

*See United States v. Miller*, 665 F.3d 114, 121-122 (5th Cir. 2011) (quoting the district court and rejecting challenge to child pornography sentencing guidelines). Courts have recognized the serious nature of these offenses, which carry a mandatory minimum sentence of five years. See 18 U.S.C. § 2252(b)(1).

### B. The Weight of the Evidence

The evidence against Fried is strong. It includes proof of the chats detailed in the Affidavit in support of the Criminal Complaint, as well as the links Fried distributed and received inside these chat rooms. The investigation has revealed that when Fried was using the chat networks to discuss his sexual attraction to children, and to distribute and solicit images and videos depicting the sexual abuse of minors, he was doing so using an IP address that was tied to his home in Washington, D.C.

When law enforcement searched Fried's home pursuant to a search warrant on October 12, 2021, multiple digital devices were recovered. Forensic analysis has revealed that these devices all contained images and videos depicting child sexual abuse material that Fried had obtained using various applications and the Internet. Descriptions of these images are detailed in the Affidavit in support of the Criminal Complaint. It is important to note that the hundreds of images that have been discovered on Fried's devices depict

the sexual assault of countless children of very young ages by adult men. Some of the videos are extremely long, and the data associated with these files indicate that Fried has been collecting these types of materials for years—as early as 2014—and that he was actively viewing these images in the days leading up to the execution of the search warrant on his residence.

### C. Fried's History and Characteristics

Fried is now unemployed, after resigning from his job due to his fear of arrest on the pending charges. For the past seven years, though, he apparently worked closely with children. He served as a "teacher program specialist" at a DC-based organization that offers educational programming to high school and middle school aged children. In the pretrial services report, he acknowledges that he regularly frequented schools, museums, and other children's activities.

The crime charged is not the result of a one-time mistake or lapse in judgment; rather, it is a course of conduct involving the ongoing and long-term exploitation of children. Granted, Fried has no prior arrests for similar offenses. But the online sexual exploitation of children—to include the distribution and receipt of child pornography, as well as hands-on sexual abuse of children—is a crime committed in secret. This secrecy, combined with the overwhelming presence of digital devices and the near universal access to the internet, makes detection of these criminal offenses difficult. It is not unusual for an offender to only be discovered because he has the misfortune of law enforcement infiltrating a secret group of like-minded offenders, who use the Internet to sexually abuse and exploit children. Fried's devices indicate that he has been collecting child pornography for several years and chatting with other offenders for nearly three years before law enforcement discovered his activities.

Moreover, it is well-known that children often do not disclose sexual abuse, and that these types of crimes are wildly underreported. *See, e.g.*, K. London, M. Bruck, S. J. Ceci & D. W. Shuman, *Disclosure of Child Sexual Abuse: What Does the Research Tell*

*Us About the Ways Children Tell?*, 11 Psychology, Pub. Pol'y & L. 1, 194-226 (American Psychological Association, 2005) (finding in a study of adult retrospective victim studies about child sex abuse, approximately 60 – 70% of adults sexually abused as children did not recall disclosing the abuse during childhood); D. W. Smith, E. J. Letourneau, B. E. Saunders, D. G. Kilkpatrick, H. S. Resnick & C. L. Best, *Delay in Disclosure of Childhood Rape: Results from a National Survey*, 24 Child Abuse & Neglect 2, 273-87 (2000) (stating that results of study found that only 12% of child rape victims' assaults were reported to law enforcement authorities).

## II. The Proposed Release Conditions are Insufficient to Ensure the Safety of the Community.

Even if there were conditions sufficient to ensure Fried's appearance in court, there are no conditions or combination of conditions that can reasonably assure the safety of others in the community. Fried proposes that he reside with his mother should he be released, but he acknowledges that children visit the residence. Additionally, as detailed above, Fried was able to access websites and forums that promote the sexual exploitation of children, communicate with others who are sexually abusing children, and traffic in images and videos depicting the violent sexual abuse of children, all through the use of a handheld mobile device and the internet. The means to commit the crime are widely available and the conduct is very difficult to detect. It is not at all clear that Fried's mother—the proposed third-party custodian—has the requisite tech savvy to monitor his online activities if he is released.

//

//

//

- 6 -

## CONCLUSION

For all of the reasons set forth above, the United States requests that Defendant Ian Michael Fried be detained pending trial.

Respectfully submitted this 27th day of November 2021.

GARY M. RESTAINO
United States Attorney
District of Arizona

 *s/ James R. Knapp*

JAMES R. KNAPP
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on 11/27/2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Gerald Williams

 *s/ James Knapp*
U.S. Attorney's Office

- 7 -